## Case No. 6,493.

### HILL v. HOUGHTON.

[1 Ban. & A. 291; 6 O. G. 3; Merw. Pat. Inv. 150.] [1]

Circuit Court, D. Massachusetts. May 30, 1874.

PATENTS—"SPELLING BLOCKS"—NOVELTY—VALID- ITY—INFRINGEMENT.

1. The reissued patent of complainant, is, for spelling blocks, cubical in shape, and having different letters of the alphabet upon two or more of their sides. It is shown, that, prior to the patentee's invention, spelling blocks of the same shape had been made, having numbers, letters and pictures upon them, and some of which, had two letters upon each block: *Held*, that, in view of this state of the art, it was not a patentable improvement, to place two or more letters on each block, even though the patentee may have been the first person to place them systematically, with a view to enlarge the usefulness of the blocks.

2. The first claim of the reissued patent, granted to the complainant, for new and useful spelling books, *held* invalid.

3. A patent for spelling blocks, cubical in shape, having different letters upon two or more of their sides, and upon one side of each block a numeral, by the aid of which, in connection with a printed key, the blocks needed for spelling any word, is not infringed, by the manufacture and sale of similar cubical spelling blocks, without numerals and a printed key, but having a picture, on each block, in place of the numeral.

[This was a bill by Samuel L. Hill against J. T. Houghton for the alleged infringement of letters patent No. 59,603, granted to the complainant November 13, 1866.]

J. Van Santvoord, for complainant.
A. A. Ranney, for defendant.

LOWELL, District Judge. The reissued patent of the complainant, is for a new and useful spelling block, and the nature of the invention, is declared in the specification, to consist, first, in placing different letters of the alphabet upon two or more sides of cubical or six-sided blocks, so that, by combining the blocks, words, in which the same letters occur more than once, may be readily spelled; and second, in placing, upon one side of each block, a numeral, by the aid of which, in connection with a printed key, the blocks, needed for spelling any word, may be readily found. The two claims follow this description. The defendant has made blocks with letters upon two or more sides, and each block contains a picture on the sixth side. It is proved, that six-sided cubical blocks, of wood, were in common use, as toys, before the plaintiff made his invention,

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 150, contains only a partial report.]

and two sets are given in evidence, which were actually made, and have been, for twenty years, in the possession of the witness who identifies them.

This evidence is not impeached or disputed; the blocks, in both samples, are made of wood, and have letters and pictures and other devices upon them. One set is numbered consecutively, with conspicuous numerals, from 1 to 24, and this set has several pictures, illustrating each letter. The second set consists of twenty-four blocks, and has pictures, some of which illustrate the letter, and some do not. The first set has two letters on two of the blocks, combining I and J, and W and V, thus enabling the twenty-six letters to be placed on twenty-four blocks. The second set has five blocks, on each of which two letters are placed, though evidently not intended to enlarge the spelling capacity of the blocks, since the repeated letters are not those which would be much in demand. In this state of the art, we are of opinion, that it was not a patentable improvement, in spelling blocks, to place two or more letters on each block, even though the plaintiff may have been the first person to place them systematically, with a view to enlarge the usefulness of the blocks. In a machine, it may sometimes be invention, to adapt the machine to greater usefulness, by a plan which has been very nearly approached, but never actually reached, before; the point is often a somewhat nice one. In this case, we think the invention was fairly complete, when the blocks had been arranged for spelling a great variety of words, and, especially, when, for economy of space or other reasons, several of the blocks were impressed with more than one letter; otherwise the novelty, and the infringement must depend upon the particular letters which are repeated. We do not find that the second claim is infringed. The defendant has a picture on each of his blocks, and they appear to be put on without any system, and he has never used a printed key. It may possibly happen, that a child seeing the picture, would recognize the block, as being one with certain letters upon it; but this is no more than might happen with the old form of block, containing a picture and a numeral. The picture thus used, does not seem to us an equivalent for numerals, arranged for use with a printed key, if we construe the claim with respect to what had already been done, and thus confine it to the exact novelty which was introduced by the plaintiff.

Bill dismissed.